```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

KEVIN LUNSFORD, ET AL                    CIVIL ACTION

VERSUS                                   NO. 05-2512

TAIRA LYNN MARINE, INC., ET AL           SECTION "R" (3)


### ORDER

Before the Court is plaintiffs' motion for partial summary judgment on the issue of liability against defendants M/V Hyde Park and Talcot Shipping Corp. For the following reasons, the Court DENIES plaintiffs' motion.


### I. BACKGROUND

Plaintiffs, Kevin Lunsford and Francis Charpentier, allege that they were injured when the vessel MV Hyde Park allided with a moored vessel, the MR. CUZ, or its tow. Plaintiffs worked as deckhands aboard the MR. CUZ. They assert that they were jostled about and suffered injuries because of the allision. Plaintiffs assert that because the MV Hyde Park struck the moored MR. CUZ,

or its tow, the defendants, MV Hyde Park and Halcot Shipping Corporation, are presumptively liable for injury to the plaintiffs.  Plaintiffs now seek summary judgment on the issue of liability by invoking the *Oregon* rule, although they do not cite *The Oregon*, 158 U.S. 186, 197 (1895).  In that case, the Supreme Court found that when a moving vessel collides with a stationary object, the moving vessel is presumed to have been at fault. Plaintiffs submit no evidence of the liability of the MV Hyde Park or its crew except for the assertion that the Hyde Park "allided with the M/V MR. CUZ."

## II.  LEGAL STANDARD

### A.  Summary judgment standard

Summary judgment is appropriate only when the pleadings and summary judgment evidence establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party has the burden of showing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id*. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. ANALYSIS**

The Court concludes that there are issues of fact that preclude the Court from granting summary judgment to plaintiffs on the issue of liability. To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury, and causation. *Canal Barge Co. V. Torco Oil Co.*, 220 F.3d 370, 376

(5th Cir. 2000) (*citing In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)).  The *Oregon* rule creates only a rebuttable presumption of negligence on the part of the party with exclusive control of an instrumentality involved in a mishap that ordinarily does not occur in the absence of negligence.  *Mid-South Towing Co. v. M/V Dianne Oak*, 418 F.3d 526, 531 n.5 (5th Cir. 2005).  The *Oregon* rule is not a presumption regarding the question of causation (either cause in fact or legal cause).  *Id*. at 532.

Here, plaintiffs testified at their depositions that the M/V Hyde Park ran into their tow, not the MR. CUZ, on which they were deckhands.  (Lunsford Dep. at 26; Charpentier Dep. at 45).  Plaintiffs have cited no authority that applied the *Oregon* rule to presume fault in favor of persons aboard a vessel not directly involved in the allision.  Even assuming the *Oregon* rule still applies, and accepting that the defendant has not come forward with evidence rebutting the presumption of fault, plaintiffs are still not entitled to summary judgment on liability.  An element of the liability determination is that defendant's fault in fact caused some injury to the plaintiff.  As noted, the *Oregon* rule, if it applies, does not create any presumption about causation.  Further, defendant has pointed to at least some evidence that creates an issue of fact as to whether the conduct of the MV Hyde

4

Park caused plaintiffs any injury in fact. Specifically, Charpentier reported to the Coast Guard on the day of the accident that no one had been physically injured. (R. Doc. 24 at Ex. B). For these reasons, plaintiffs' motion for partial summary judgment is denied.

New Orleans, Louisiana, this __16th__ day of August, 2006.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE